UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOANNA LEE THOMS,

    Plaintiff,

v.                                              Case No. 06-C-0464

BERBEE INFORMATION NETWORKS, INC.,

    Defendant.

---

**MEMORANDUM AND ORDER**

---

Plaintiff Joanna Lee Thoms sued Defendant Berbee Information Networks, Inc., alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, failure to pay overtime wages under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.*, and various state law claims. This court has jurisdiction because of the existence of federal questions, *see* 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367. Defendant has moved to dismiss plaintiff's Title VII claim and certain of her state law claims. For the following reasons, defendant's motion will be granted in part and denied in part.

**BACKGROUND**

Plaintiff worked for defendant as an outside sales account manager from November 15, 1999, until November 17, 2005. (Compl. ¶¶ 17, 30.) She alleges that she was treated worse than her male co-workers with respect to expectations, support, accounts, and privileges of employment.

(*Id.* ¶ 23.) Plaintiff alleges that she complained about mistreatment and was put on a performance improvement plan (PIP) in August 2004 as a result of her complaints. (*Id.* ¶¶ 24-25.) In October 2004, plaintiff complained to defendant that the PIP was discriminatorily motivated. She also indicated that she intended to file a charge of discrimination with the Wisconsin Department of Workforce Development, Equal Rights Division (ERD). (*Id.* ¶ 26.) Plaintiff alleges that defendant decided to terminate her employment in October 2004. (*Id.* ¶ 27.) However, the actual termination did not take place until November 17, 2005. (*Id.* ¶ 30.) Plaintiff alleges that she was performing at or above the level of her peers at the time of her termination. (*Id.* ¶ 31.)

Plaintiff's complaint states five causes of action. The first, for gender discrimination, adumbrates no specific legal theory. The second, for retaliation, cites the Wisconsin Fair Employment Act, Wis. Stat. § 111.31 *et seq*. The third, for wrongful termination, allegedly arises under common law. The fourth and fifth are for unpaid overtime wages under the FLSA and Wisconsin law, respectively. Defendant has moved to dismiss the first three causes of action.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Dismissal of an action under such a motion is warranted if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999); *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of his facts are accurate, he has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir.

1999). Federal notice pleading requires only that a plaintiff set out a "short and plain" statement of the claim providing a defendant with fair notice of her claim; fair notice does not require every element of a legal theory to be specifically set forth. *Scott*, 195 F.3d at 951. Conclusions or vague language are acceptable so long as a defendant can understand the claim. *See Muick v. Glenayre Elecs.*, 280 F.3d 741, 744 (7th Cir. 2002).

Defendant first argues that plaintiff's Title VII claims should be dismissed because the complaint does not allege receipt of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), nor had plaintiff actually received such a letter at the time she filed her complaint. *Cf. Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005) ("Failure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII."). The EEOC did not send plaintiff a right-to-sue letter until June 6, 2006–the same day defendant moved to dismiss her Title VII claims. Nevertheless, Seventh Circuit precedent makes clear that "receipt of [a right-to-sue] letter after the complaint ha[s] been filed, but before it ha[s] been dismissed, effectively cure[s] the deficiency in the original complaint." *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991); *see also Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001) ("[T]he plaintiff's receipt of a right-to-sue letter before dismissal cured any deficiency in the original complaint."). Accordingly, the court declines to dismiss plaintiff's Title VII claims.

Defendant next argues that plaintiff's first and second causes of action should be dismissed insofar as they state claims under the WFEA, because there is no private right of action under the WFEA. *See Reed v. Johnson Controls, Inc.*, 704 F. Supp. 170, 171 (E.D. Wis. 1989) ("[T]he statutory administrative procedures set forth in the [Wisconsin Fair Employment Act] are exclusive . . . and . . . there is no implied private right of action in the Act"). Plaintiff apparently agrees, but

3

asks (despite her explicit citation to the WFEA in her second cause of action) that her first and second causes of action be construed to state claims under Title VII. Under the liberal rules of notice pleading applicable in the federal courts, she is entitled to such a construction. *See, e.g., Shah v. Inter-Continental Chicago Hotel Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002) ("The plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply. In a suit to collect on a promissory note, for example, all the plaintiff has to allege is that he is holding the defendant's note to him and the defendant owes him $X dollars on it. He doesn't have to specify the statute or common law principle that the defendant has violated by failing to pay him.") The court will dismiss any state law claims purportedly pled in the first and second causes of action, but will permit those causes of action to continue as Title VII claims.

Defendant finally argues that plaintiff's third cause of action must be dismissed because Wisconsin does not recognize a common law claim for wrongful termination in sex discrimination or retaliation cases. The court agrees. The Wisconsin Supreme Court held in *Bourque v. Wausau Hosp. Center*, 427 N.W.2d 433 (Wis. 1988), that the WFEA precludes all common law causes of action not "separate and distinct from the conduct prohibited by the WFEA." *Id.* at 436. Far from explaining how her wrongful termination action arises out of conduct separate and distinct from a potential WFEA claim, plaintiff argues that the WFEA supplies the relevant public policy, *see Brockmeyer v. Dun & Bradstreet*, 335 N.W.2d 834, 840 (Wis. 1983) ("A wrongful discharge is actionable when the termination clearly contravenes the public welfare and gravely violates paramount requirements of public interest. The public policy must be evidenced by a constitutional

4

or statutory provision."), necessary to make her termination wrongful.[1] (Compl. ¶ 44; Br. in Opp. at 2-3.) *Bourque* plainly precludes such a claim, and it will be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is hereby **GRANTED** with respect to plaintiff's third cause of action, and with respect to plaintiff's first and second causes of action insofar as they purportedly arise under state law. Defendant's motion is otherwise **DENIED.**

**SO ORDERED.**

Dated this   13th   day of July, 2006.

                                                           s/ William C. Griesbach
                                                           William C. Griesbach
                                                           United States District Judge

---

[1] While *Bourque* did not address the question of whether a plaintiff could maintain an action for wrongful termination arising out of a violation of Title VII, its reasoning leads this court to predict that such an action may not be maintained in Wisconsin. *See also Strozinsky v. School Dist.*, 614 N.W.2d 443, 453 (Wis. 2000) (drawing distinction between statutory claims under Title VII and WFEA and common law action for wrongful termination).